THE HONORABLE ANDREA DARVAS

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DOUGLAS BAIRD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SHELTER MANAGEMENT, L.L.C., a Washington Corporation, PMJ PROPERTIES, LLC, a Washington Corporation, PARKLAND, LCC, a Washington Corporation, MICHAEL SIMONITCH AND JANE DOE SIMONITCH and the marital community thereof, DAVID BLUE AND JANE DOE BLUE and the marital community thereof, RYAN SWANEK AND JANE DOE SWANEK and the marital community thereof,<br><br>Defendants. | No. 17-2-23167-3 KNT<br><br>[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>**JURY TRIAL REQUESTED** |

COMES NOW the Plaintiff, Douglas Baird, by and through his attorneys of record, Hardeep Singh Rekhi, Greg Wolk, Jaime Heimerl, and Daniel Cairns of REKHI & WOLK, P.S., who appear before the Court complaining against the Defendants as follows:

## I.   INTRODUCTION

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
1

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

1.1     This is a complaint for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201, *et. seq.* ("FLSA") and RCW Chapters 49.12, 49.46, 49.48, 49.52 to recover liquidated damages, exemplary damages, reimbursement of work-related expenses, injunctive relief, and attorneys' fees and costs owed to Plaintiff.

1.2     At all material times, Defendants willfully failed to pay Plaintiff at least the full minimum wage for all hours worked as required by FLSA, RCW Chapters 49.12, 49.46, 49.48, and 49.52, and other applicable laws, willfully failed to pay Plaintiff proper overtime, willfully failed to comply with FLSA and Washington's record-keeping requirements, willfully failed to reimburse Plaintiff for employer-related expenses, were unjustly enriched, and otherwise willfully violated the above-identified laws, and other applicable laws

## II.     PARTIES, JURISDICTION, AND VENUE

2.1     Plaintiff Douglas Baird ("Plaintiff") is a resident of Seattle, Washington.

2.2     Upon information and belief, Defendant Shelter Management, L.L.C. ("Shelter") is a Washington corporation doing business in King County, Washington, with its principal place of business in Seattle, Washington. At all material times, Defendant Shelter was an enterprise engaged in commerce as defined by FLSA, was Plaintiff's employer as defined by FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52, and has been subject to FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.3     Upon information and belief, Defendant PMJ Properties, LLC ("PMJ Properties") is a Washington corporation doing business in King County, Washington, with its principal place of business in Seattle, Washington. At all material times, Defendant PMJ Properties was an enterprise engaged in commerce as defined by FLSA, was Plaintiff's employer as defined by

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
2

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52, and has been subject to FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.4   Upon information and belief, Defendant Parkland, LLC ("Parkland") is a Washington corporation doing business in King County, Washington, with its principal place of business in Seattle, Washington. At all material times, Defendant Parkland was an enterprise engaged in commerce as defined by FLSA, was Plaintiff's employer as defined by FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52, and has been subject to FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.5   At all material times, Defendants Shelter, PMJ Properties, and Parkland (collectively "the LLC Defendants") were joint employers and/or constituted a single enterprise under FLSA. At all material times, the LLC Defendants engaged in related activities with respect to Plaintiff's employment, through unified operation and/or common control, and for a common business purpose.

2.6   At all material times, the LLC Defendants, each individually and/or collectively (a) had at least two employees engaged in interstate commerce and/or engaged in handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, interstate commerce, and (b) had an annual gross volume of sales made or business done of at least $500,000.00.

2.7   Upon information and belief, Defendant Michael Simonitch ("Simonitch") is a Washington resident and officer of Shelter and PMJ Properties. He is listed as a Governing Person of Shelter and PMJ Properties on corporate filings with the Washington Secretary of State. Simonitch committed the following alleged unlawful acts in King County, Washington,

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
3

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

and committed such acts in pursuit of financial gain, or livelihood for himself, individually, and also on behalf of and for the benefit of his marital community.

2.8     Upon information and belief, during all times relevant, Simonitch was an owner and/or officer of each of the LLC Defendants.

2.9     Upon information and belief, during all times relevant, Simonitch had the power to hire and fire the LLC Defendants' employees, including the power to determine the terms, conditions and pay of the LLC Defendants' employees' employment, and the responsibility to maintain the LLC Defendants' business and employment records.

2.10    Upon information and belief, during all times relevant, Simonitch has exercised control over Plaintiff, as well as the terms, conditions, and payment of his compensation related to his employment with Defendants.

2.11    During all times relevant, Simonitch has been Plaintiff's "employer" and subject to the requirements of FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.12    Upon information and belief, Defendant David Blue ("Blue") is a Washington resident and officer of Shelter. He is listed as a Governing Person of Shelter on corporate filings with the Washington Secretary of State. Blue committed the below alleged unlawful acts in King County, Washington, and committed such acts in pursuit of financial gain, or livelihood for himself, individually, and also on behalf of and for the benefit of his marital community.

2.13    Upon information and belief, during all times relevant, Blue was a manager of each of the LLC Defendants, and has had operational control over significant aspects of the LLC Defendants' day-to-day functions.

2.14    Upon information and belief, during all times relevant, Blue had the power to hire and fire the LLC Defendants' employees, the power to determine the terms, conditions and pay of

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
4

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

the LLC Defendants' employees' employment, and the responsibility to maintain the LLC Defendants' business and employment records.

2.15    Upon information and belief, during all times relevant, Blue has exercised control over Plaintiff, as well as the terms, conditions, and pay concerning his employment.

2.16    During all times relevant, Blue has been Plaintiff's "employer" and subject to the requirements of FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.17    Upon information and belief, Defendant Ryan Swanek ("Swanek") is a Washington resident and officer of Shelter. Swanek committed unlawful acts in King County, Washington, and committed such acts in pursuit of financial gain, or livelihood for himself, individually, and also on behalf of and for the benefit of his marital community.

2.18    Upon information and belief, during all times relevant, Swanek was a manager of each of the LLC Defendants, and has had operational control over significant aspects of the LLC Defendants' day-to-day functions.

2.19    Upon information and belief, during all times relevant, Swanek has exercised control over Plaintiff, as well as the terms, conditions, and pay concerning his employment.

2.20    During all times relevant, Swanek has been Plaintiff's "employer" and subject to the requirements of FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.21    Upon information and belief, Simonitch, Blue, and Swanek each and collectively hired Plaintiff to work at Shadow Pines. Simonitch, Blue, and Swanek each and collectively were responsible for determining and the administering the policies, including those related to wages, terms, and conditions of employment, that governed Plaintiff's work at Shadow Pines.

2.22    Defendants are each jointly and severally liable for the alleged unlawful actions and resulting damages and remedies sought herein.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
5

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

2.23  At all times relevant hereto, Defendants employed Plaintiff in King County, Washington, committed the unlawful acts alleged in this action in King County, Washington, and are employers as that term is used in FLSA and RCW Chapters 49.12, 49.46, 49.48, and 49.52.

2.24  The amount in controversy exceeds $300.00.

2.25  The Superior Court of Washington has jurisdiction over Plaintiff's claims pursuant to RCW Chapters 2.08.010, 49.48.030, and 49.52.070 and 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2.26  Venue is proper under RCW 4.12.020 and/or RCW 4.12.025 because the events underlying the complaint took place in King County, Washington, and/or one or more Defendants reside in King County, Washington.

### III.   STATEMENT OF FACTS

3.1  The following facts are not exhaustive and merely provide support for Plaintiff's claims.

3.2  Plaintiff was hired as a General Manager – South Sound Region at a mobile home park, Shadow Pines Mobile Estates ("Shadow Pines") in Graham, Washington, on or around March 27, 2017. The offer of employment was extended by "Mike, Ryan and David" of Shelter, masquerading as a different company named "Shelter Property Management."

3.3  In the role of General Manager – South Sound Region, according to the terms of the above-mentioned offer letter, Plaintiff was responsible for rent collection, evictions, enforcement of park rules and communication with tenants. He was also expected to manage vendors and perform simple maintenance and landscaping tasks, as needed. As General Manager, he was told he would oversee five Mobile Home Parks and their respective on-site managers.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
6

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

3.4     Shelter Property Management is a company based out of Friday Harbor, WA, which has no relation to this case.

3.5     Upon information and belief, the LLC Defendants share common ownership and management, operate out of the same offices, and share equipment, materials, and employees.

3.6     Defendants buy and sell investments, including properties, and also receive rent and other proceeds from their investments. Upon information and belief, Defendants' annual gross volume of such sales, rent, and other business amounts to at least $500,000.

3.7     While working at Shadow Pines, Plaintiff did not in fact oversee five Mobile Home Parks and their respective on-site managers. Aside from Shadow Pines, Plaintiff only oversaw one other mobile home park and its one on-site manager. That is, Plaintiff only supervised one employee.

3.8     While working at Shadow Pines, Plaintiff earned a monthly salary of $2,150.00.

3.9     While working at Shadow Pines, Plaintiff was paid by all three LLC Defendants: PMJ Properties, Shelter, and Parkland.

3.10    PMJ Properties purported to pay Plaintiff $1,000.00 on April 25, 2017, for the pay period March 24, 2017 to April 23, 2017. PMJ Properties purported to pay Plaintiff $1,000.00 on May 25, 2017, for the pay period April 24, 2017 to May 23, 2017.

3.11    Parkland purported to pay Plaintiff $500.00 on April 24, 2017, for the pay period March 25, 2017 to April 24, 2017. Parkland purported to pay Plaintiff $500 on May 25, 2017, for the pay period April 25, 2017 to May 24, 2017.

3.12    Shelter purported to pay Plaintiff $650 on April 28, 2017, for the pay period April 1, 2017 to April 30, 2017. Shelter purported to pay Plaintiff $650 on May 26, 2017, for the pay period May 1, 2017 to May 31, 2017.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
7

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

3.13    Altogether, the three LLC Defendants have records of Plaintiff working 793.32 hours for them over the course of his nine weeks and four days of employment.

3.14    Plaintiff's employment at Shadow Pines ended on or around June 2, 2017, the last day worked being June 2, 2017.

3.15    Defendant did not pay Plaintiff for wages earned in the pay period June 1, 2017 to June 2, 2017 by the end of the next pay period.

3.16    On June 2, 2017, Simonitch verbally offered to pay Plaintiff severance pay equal to two weeks' salary. Plaintiff accepted the severance offer. The severance pay was required to be paid at the end of the next pay period.

3.17    Defendants did not pay Plaintiff any severance payment.

3.18    At no time have Defendants and Plaintiff entered into an agreement excluding bona fide meal periods or a bona fide regularly scheduled 8-hour period from working time.

3.19    At no time have Defendants and Plaintiff entered into an agreement limiting the number of hours Plaintiff is expected to work.

3.20    Throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours per workweek for Defendants.

3.21    Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff the applicable minimum wage rate for each hour worked.

3.22    Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff time and a half his regular rate of pay for the overtime hours he worked.

3.23    Throughout Plaintiff's employment with Defendants, Defendants knew that Plaintiff was working over forty hours a workweek for them and was not receiving overtime compensation as required by FLSA and other applicable laws.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
8

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

3.24    Throughout Plaintiff's employment with Defendants, Defendants knew that Plaintiff was not being paid the applicable minimum wage rate required by FLSA and other applicable laws.

3.25    Throughout Plaintiff's employment with Defendants, Defendants did not make, keep, or preserve accurate records as required by FLSA and applicable regulations and/or RCW 49.46.070 and applicable regulations.

3.26    Plaintiff filed a Complaint and First Amended Complaint in this action in King County Superior Court.

3.27    Plaintiff has a good faith, objectively reasonable belief that Defendants' actions violate FLSA and other laws cited in Plaintiff's Complaint and First Amended Complaint, and filed the Complaint and First Amended Complaint in accordance with that good faith, objectively reasonable belief.

3.28    Plaintiff served Defendant Shelter with the First Amended Complaint he had filed in King County Superior Court.

3.29    Within weeks of Plaintiff serving Shelter with the First Amended Complaint, Defendant emailed Plaintiff's then-counsel but did not appear in this action.

3.30    Defendants willfully refused to pay Plaintiff for work performed through his termination.

3.31    Defendants willfully failed to pay Plaintiff all wages owed upon his termination.

3.32    Defendants' actions were willful, wanton, malicious, oppressive, and in reckless disregard of Plaintiff's rights.

3.33    Defendants' violations of FLSA and other applicable laws that persisted throughout Plaintiff's employment and termination of employment have been willful.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
9

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

3.34   Plaintiff has retained the services of the undersigned attorney and is obligated to pay his legal counsel a reasonable fee for their services.

3.35   Plaintiff demands a trial by jury on all issues so triable.

### IV.   FIRST CAUSE OF ACTION
**(Willful Violations of FLSA Minimum Wage Provision as Against All Defendants)**

4.1.   Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

4.2.   By the actions alleged above, Defendants have willfully failed to pay Plaintiff the federal minimum wage for all his hours worked in violation of FLSA and RCW 49.52.050.

4.3.   Because of the above, Plaintiff has suffered damages.

4.4.   Defendants' violations of FLSA and RCW 49.52.050 were willful.

4.5.   As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, liquidated damages, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

### V.   SECOND CAUSE OF ACTION
**(Willful Violations of the FLSA Overtime Provisions as Against All Defendants)**

5.1.   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

5.2.   By the actions alleged above, Defendants have failed to pay Plaintiff wages and/or overtime compensation for hours worked over forty in any workweek, in violation of FLSA and RCW 49.52.050.

5.3.   Defendants' violations of FLSA and RCW 49.52.050 were willful.

5.4.   Because of the above, Plaintiff has suffered damages.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
10

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

5.5. As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, liquidated damages, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

## VI.   THIRD CAUSE OF ACTION
### (Willful Refusal to Pay Wages as Against All Defendants: RCW Chapter 49.12)

6.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

6.2 RCW 49.12.020 provides that "it shall be unlawful to employ workers in any industry within the state of Washington at wages which are not adequate for their maintenance."

6.3 In RCW 49.46.020, Washington State has set forth the minimum wage that employers must pay their employees who work in Washington.

6.4 Washington State's Department of Labor and Industries has determined that "wages adequate for maintenance" referenced in RCW 49.12.020 are at least the minimum wage required by RCW 49.46.020.

6.5 RCW 49.12.150 provides that "[i]f any employee shall receive less than the legal minimum wage, . . ., said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by the court. . ."

6.6 By the actions alleged above, Defendants have willfully violated RCW 49.12.020 and RCW 49.52.050.

6.7 As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recover such amounts, interest thereon, exemplary damages, attorneys' fees, and litigation costs.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
11

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## VII.   FOURTH CAUSE OF ACTION
### (Willful Violations of Washington's Meal and Rest Breaks)

7.1. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

7.2. RCW 49.12.020 makes it unlawful to employ an individual in Washington under "conditions of labor detrimental to their health." RCW 49.12.005(5) defines "conditions of labor" to include rest breaks and meal periods.

7.3. WAC 296-126-092 requires employers to provide employees with a paid rest break of at least ten minutes during every four hours worked.

7.4. WAC 296-126-092 also requires employers to provide employees with a meal break of at least 30 minutes during every five hours worked. Such meal breaks must be paid when the employer requires the employee to remain on duty on the premises or at a prescribed work site in the interest of the employer.

7.5. Given the requirements of Plaintiff's job as set forth above, Defendants have required him to remain on duty on the premises in the interest of Defendants, even during his required meal breaks. Plaintiff's meal breaks, therefore, must be paid.

7.6. Defendants willfully failed to provide Plaintiff with paid rest periods and meal breaks as required by law.

7.7. By the actions alleged above, Defendants have willfully violated WAC 296-126-092, RCW 49.12.020, and RCW 49.52.050.

7.8. As a result of Defendants' unlawful acts, Plaintiff has suffered damages in an amount to be determined at trial, and is entitled to recover such damages, interest thereon, exemplary damages, attorney's fees, and litigation costs.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
12

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

## VIII. FIFTH CAUSE OF ACTION
### (Willful Violation of RCW 49.48.010 as Against All Defendants)

8.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

8.2 Defendants failed to pay to Plaintiff all wages due to him at the time of his termination.

8.3 RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

8.4 By the actions alleged above, Defendants violated the provisions of RCW 49.48.010.

8.5 Because of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial and are entitled to the recovery of such damages, including interest thereon. Pursuant to RCW 49.48.030, Plaintiff is also entitled to the recovery of attorneys' fees.

## IX. SIXTH CAUSE OF ACTION
### (Willful Violation of RCW 49.52.050 as Against All Defendants)

9.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

9.2 By the actions alleged above, Defendants have paid Plaintiff lower wages than the wages Defendants were obligated to pay Plaintiff by statute, ordinance and/or contract. Defendants committed these unlawful actions willfully, and with the intent to deprive Plaintiff of wages to which he was entitled.

9.3 Defendants knowingly and willfully failed to pay Plaintiff for all wages owed at termination, in violation of RCW 49.48.010.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
13

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

9.4     RCW 49.52.050 provides that any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9.5     Violations of RCW 49.48.010, as discussed above, constitute violations of RCW 49.52.050.

9.6     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

9.7     Each Defendant is Plaintiff's employer and/or an officer, vice principal, or agent of Plaintiff's employer under this law.

9.8     By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

9.9     Because of the willful, unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff is entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## X.    PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court to enter judgment against Defendants as to each cause of action set forth above, and to grant the following relief as appropriate for each cause of action:

10.1    Declare that the actions complained of herein violate FLSA and RCW Chapters 49.12, 49.46, 49.48 and 49.52, and violate any other applicable laws;

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
14

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

10.2   Award Plaintiff all wages, compensation, reimbursement for work-related expenses he incurred, back pay, front pay, liquidated damages, actual, consequential, incidental, exemplary, compensatory, and punitive damages, all other damages set forth above in the Claims for Relief, and / or statutory damages as provided for by law and in equity to the fullest extent permitted by each of the above causes of action;

10.3   Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

10.4   Award pre-judgment and post-judgment interest to Plaintiff, as provided by law;

10.5   Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees;

10.6   Grant an injunction against Defendants, prohibiting, restraining and enjoining them from continuing to engage in the unlawful and wrongful conduct set forth herein; and,

10.7   Grant such other and further relief as this Court deems appropriate, equitable, or just.

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
15

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

Dated this 16th day of April 2018.

**REKHI & WOLK, P.S.**

By:_____
Gregory A Wolk, WSBA No. 28946
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-Mail: greg@rekhiwolk.com

**REKHI & WOLK, P.S.**

By:_____
Hardeep S. Rekhi, WSBA No. 34579
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-Mail: hardeep@rekhiwolk.com

**REKHI & WOLK, P.S.**

By:_____
Daniel Cairns, WSBA No. 49950
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-mail: daniel@rekhiwolk.com

**REKHI & WOLK, P.S.**

By:_____
Jaime Heimerl, WSBA No. 49100
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-mail: jaime@rekhiwolk.com

*Attorneys for Plaintiff*

[PROPOSED] PLAINTIFF'S SECOND AMENDED COMPLAINT
16

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887
Facsimile: (206) 577-3924

THE HONORABLE ANDREA DARVAS

FILED
18 MAY 02 PM 4:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-23167-3 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DOUGLAS BAIRD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SHELTER MANAGEMENT, L.L.C., a Washington Corporation,<br><br>Defendant | No. 17-2-23167-3 KNT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO JOIN DEFENDANTS AND AMEND COMPLAINT |

This matter having come on regularly before the Court, having considered the following:

1. Plaintiff's Motion to Join Defendants and Amend Complaint;

2. Declaration of Douglas Baird, and exhibit attached thereto;

3. Declaration of Daniel Cairns in Support of Plaintiff's Motion to Join Defendants and Amend Complaint, and exhibit attached thereto;

4. Plaintiff's Reply in Support of His Motion to Join Defendants and Amend Complaint;

and the Court having received pleadings in opposition from any party, it is hereby

ORDERED that Plaintiff's Motion to Join Defendants and Amend Complaint is hereby GRANTED. Plaintiff shall file his Second Amended Complaint in substantially the same form

ORDER GRANTING PLAINTIFF'S MOTION TO JOIN
DEFENDANTS AND AMEND COMPLAINT -- 1

Rekhi & Wolk, P.S.
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887

as that attached as <u>Exhibit 1</u> to the Declaration of Daniel Cairns within fourteen (14) days of this order.

DATED May 2, 2018.

s/_____e-filed_____
JUDGE ANDREA DARVAS

Presented by:

*/s/ Daniel Cairns*
Daniel Cairns, WSBA No. 49950
Gregory Wolk, WSBA No. 28946
Hardeep S. Rekhi, WSBA No. 34579
Jaime Heimerl, WSBA No. 49100
REKHI & WOLK, P.S.
529 Warren Ave N., Suite 201
Seattle, WA 98109
Tacoma, WA 98402
Phone: (206) 388-5887
Facimile: (206) 577-3924
Email: daniel@rekiwolk.com
         greg@rekhiwolk.com
         hardeep@rekhiwolk.com
         Jaime@rekhiwolk.com

*Attorneys for Plaintiff*

ORDER GRANTING PLAINTIFF'S MOTION TO JOIN
DEFENDANTS AND AMEND COMPLAINT -- 2

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887

King County Superior Court
Judicial Electronic Signature Page

Case Number: 17-2-23167-3
Case Title: BAIRD VS SHELTER PROPERTY MANAGEMENT

Document Title: ORDER GRANTING MOT TO AMEND CMPLT

Signed by: Andrea Darvas
Date: 5/2/2018 4:11:32 PM

*[signature: Andrea Darvas]*

Judge/Commissioner: Andrea Darvas

This document is signed in accordance with the provisions in GR 30.
Certificate Hash: EC2385869DB57855E0126E2A4B9A244DCA0DDC78
Certificate effective date: 7/29/2013 12:13:12 PM
Certificate expiry date: 7/29/2018 12:13:12 PM
Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Patrick Oishi:vJZH13n44hGk/LI3YYhwmw=="

Page 3 of 3